1  JEANE HAMILTON (CSBN 157834)
2  ALBERT B. SAMBAT (CSBN 236472)
   DAVID J. WARD (CSBN 239504)
3  CHRISTINA M. WHEELER (CSBN 203395)
   MANISH KUMAR (CSBN 269493)
4  U.S. Department of Justice
   Antitrust Division
5  450 Golden Gate Avenue
6  Box 36046, Room 10-0101
   San Francisco, CA 94102
7  david.ward@usdoj.gov
   Telephone: (415) 436-6660
8

9  Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal No. CR 11-00799 CRB |
| ) | |
| ) | STIPULATION AND (~~PROPOSED~~) |
| v. ) | ORDER EXCLUDING TIME UNDER |
| ) | THE SPEEDY TRIAL ACT FROM |
| ) | NOVEMBER 22, 2011 TO DECEMBER |
| ) | 14, 2011 |
| CRAIG LIPTON, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

On November 22, 2011, the parties in this matter appeared before the Honorable Magistrate Judge Joseph C. Spero for an initial appearance and arraignment. During this appearance, the parties stipulated that time should be excluded from the Speedy Trial Act calculations from November 22, 2011 until December 14, 2011 for effective preparation of counsel. The parties represented that granting the continuance was for the reasonable time necessary for effective preparation of defense counsel, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(7)(A) and (B)(iv).

//

SPEEDY TRIAL ACT STIPULATION – 1

The parties also agree that the ends of justice served by granting such a continuance outweigh the best interests of the public and the defendants in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A).

SO STIPULATED:

_____/s/_____  
Ted W. Cassman  
Arguedas, Cassman & Headley, LLP  
Counsel for Defendant Craig Lipton

_____/s/_____  
David J. Ward  
Jeane Hamilton  
Albert B. Sambat  
Christina M. Wheeler  
Manish Kumar  
Trial Attorneys  
United States Department of Justice  
Antitrust Division

As the Court found on November 22, 2011, and for the reasons stated above, the Court finds that an exclusion of time from November 22, 2011 to December 14, 2011, is warranted and that the ends of justice served by the continuance outweigh the best interests of the public and the defendant in a speedy trial. See 18 U.S.C. § 3161 (h)(7)(A). The failure to grant the requested continuance would deny the defendant and deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and would result in a miscarriage of justice. See 18 U.S.C. § 3161(h)(7)(B)(iv).

SO ORDERED.

DATED: 11/28/11

_____  
JOSEPH C. SPERO  
United States Magistrate Judge

SPEEDY TRIAL ACT STIPULATION – 2